WILLIAM H. DAVIS v. ROBERT HOWELL.

1. A person cannot be affected in his property, by proceedings of a judicial nature, without notice of the meeting of the tribunal to which the power to act and decide has been given.
2. Where title to land is involved by the action of such tribunal, the fact of notice should appear on the face of the proceedings.

On *certiorari*.

Argued at February Term, 1885, before Justices DEPUE and PARKER.

For the plaintiff, *Wm. E. Potter*.

For the defendant, *J. J. Reeves*.

The opinion of the court was delivered by

PARKER, J. This *certiorari* brings up the report and other proceedings of commissioners, touching and concerning a disputed dividing line, between lands of William H. Davis and Robert Howell, under color of an act entitled "An act for regulating and ascertaining the lines between adjoining lands of different owners," approved March 17th, 1882.

The act in question provides that where there is a dispute between the owners of adjoining lands respecting the location of any dividing line between said lands, it shall be lawful for either owner to make application, in writing, to a judge of the Court of Common Pleas of the county in which the lands lie for the appointment of commissioners, whose duty it shall be to fix, ascertain and regulate such line.

The third section of the act gives the commissioners power to enter on any lands for the purpose of ascertaining and deciding the location of the line in dispute, to examine witnesses, and fully to inquire into the line in dispute, and after ascertaining the same, to file a report with said judge, which report shall be final and conclusive against all parties, their heirs and assigns, unless the same shall be appealed from.

The fourth section of the act provides that either party may dissent from the report of the commissioners and appeal to the Circuit Court of the county where the lands lie, and said court shall have full power and authority to try and determine said appeal, either party having the right to demand a jury for the purposes of said trial.

The argument of counsel in this cause related principally to the validity of said act, but inasmuch as the proceedings under the appointment are irregular and defective, it will not be necessary to consider the question of the constitutionality of the statute.

It does not appear by the report, nor is there any evidence, that notice was given to William H. Davis, one of the land-owners, of any meeting of the commissioners to fix and determine the dividing line, nor that Mr. Davis was present at any such meeting; nor does it appear that any evidence, parol or docu-

mentary, was offered before the commissioners. The report states nothing but the results. It is true that Mr. Davis had notice of the time and place of the proposed appointment of commissioners by the judge, but it does not appear that he received any notice to attend any meeting of the commissioners after they were qualified.

It is a fundamental principle that no person can be affected in his person or property by proceedings of a judicial nature without an opportunity to be heard, and it matters not whether the act under which proceedings are had, in terms, requires notice. Natural justice and well-settled legal principle concur in requiring that notice be given. In this case it was sought to affect title to land by fixing a dividing line, and it certainly should appear that the party interested in the title had notice.

The authorities on this question are uniform in holding notice to be essential. *Hutton* v. *Camden*, 10 *Vroom* 122, 127; *State* v. *Orange*, 3 *Vroom* 49, 54; 7 *Vroom* 499, 504; *State* v. *Newark*, 1 *Dutcher* 399; *State* v. *Jersey City*, 4 *Zab.* 662.

Special authority delegated by the legislature for the purpose of taking a man's property against his will must be strictly pursued, and it must appear to have been so pursued on the face of the papers, and especially should it appear that notice of the meeting of commissioners assuming to have such authority as is claimed under this act, was given, or that the parties interested were present.

The proceedings are set aside.